FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

MAY 28 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| DR. SANFORD HUTSON, on behalf of himself and all others similarly situated | CASE NO.: 4:13-CV-320 JLH |
| Plaintiff, | JUDGE _____ |
| VS. | |
| LEVEL 3 COMMUNICATIONS, INC., | JURY TRIAL DEMANDED |
| Defendant. | This case assigned to District Judge Holmes and to Magistrate Judge Kearney |

## COMPLAINT- CLASS ACTION

COMES NOW Plaintiff Dr. Sanford Hutson on behalf of himself and all other persons similarly situated, and files this class action complaint ("Complaint") against Defendant Level 3 Communications, Inc. ("Level 3" or "Defendant"). Plaintiff seeks certification of his claims against Defendant as a class action. Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. Defendant's conduct, as described herein, violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Congress enacted the TCPA as a way to address a growing number of unrestricted telemarketing calls thought to be an invasion of privacy and a risk to public safety.[1]

3. Level 3 is an international communications company offering a wide-range of services for its clients.

---

[1] *See generally* 47 U.S.C. § 227.

4. Upon information and belief, as a way to advertise to consumers on behalf of its clients, Defendant employed mass telemarketing campaigns, either through its own call centers or through third-parties, which included making thousands of unsolicited phone calls to consumers nationwide. These calls were made using an automatic dialer and featured a pre-recorded or artificial voice message ("Robocall").

5. At no time did Plaintiff or members of the Class provide their telephone numbers to Defendant for any purpose, nor did they consent to receiving, or having Defendant make, telephone calls to their telephone numbers.

6. Defendant caused actual harm to Plaintiff and members of the Class 1) by making these unsolicited phone calls and by creating the harassment, nuisance, and overall aggravation that go with the receipt of these calls, and 2) in the form of the monies paid to Class Members' telephone providers for the receipt of such calls.

7. This is a civil action seeking class certification, statutory damages, and injunctive relief, as well as costs and reasonable attorneys' fees, from Defendant for its violations of the TCPA.

## PARTIES

8. Plaintiff Dr. Sanford Hutson is, and at all times relevant was, a resident of the State of Arkansas.

9. Level 3 is a Delaware corporation with its principal place of business at 1025 Eldorado Blvd., Broomfield, CO 80021. It does business throughout the United States, including Arkansas and this district.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction of this action under the Class Action Fairness

Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because, on information and belief, the aggregate claims of the putative Class Members exceed $5 million, exclusive of interests and costs, and Plaintiff Hutson is a resident of a different state than Defendant.

11. This Court also has federal question jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227 *et seq.*, and personal jurisdiction over Defendant since at all relevant times Defendant has regularly and systematically transacted business within the State of Arkansas.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction here and regularly conducts business in the Eastern District of Arkansas.

## **COMMON FACTUAL ALLEGATIONS**

13. Level 3 is an international communications company offering a wide-range of services for its clients.

14. Upon information and belief, either through its own telemarketing operations or a third-party, Defendant has made thousands of Robocalls and telemarketing calls to consumers' cellular telephones throughout the United States.

15. Plaintiff and Class Members have received more than one unsolicited telemarketing call within a 12-month period.

16. On or about February 11, 2013, around 11:15 am, Defendant, through its own telemarketing operations or through a third-party, placed a call to Plaintiff's cellular telephone. Plaintiff's caller ID identified the incoming call to be from 479-202-0022. When Plaintiff answered the phone, he heard a pre-recorded message about lowering interest rates.

17.     A simple internet search shows this number is related to Level 3 Communications, LLC in Rogers, AR.

18.     Just a few weeks later, on or about March 5, 2013 around 2:50 pm, Defendant placed a second call to Plaintiff's cellular telephone from 479-935-1122. When Plaintiff answered the phone, he heard a pre-recorded message about automobile insurance. Plaintiff then called the number back and received a message indicating that the number he had called was not a valid number.

19.     A simple internet search shows this number is related to Level 3 Communications, LLC in Rogers, AR.

20.     Upon information and belief, Defendant used an automatic telephone dialing system to generate consumers' telephone numbers.

21.     Plaintiff's cellular telephone numbers were at all relevant times registered on the national Do Not Call registry.

22.     Plaintiff's experience was typical of many consumers who received unsolicited marketing calls from Defendant. For example, online posts found at http://800notes.com and http://whocallsme.com produce similar complaints, including the following:

- DT
  6 Mar 2013
  got a call from this number - no one answered when I said hello

- Gene
  2 Jan 2013
  This is an automated caller claiming you are eligible for reduction in you auto insurance rates. Trace of Number shows it has a Rogers, AR location.

- Jeff
  31 Jan 2013
  Got a call no message tried to call back call ends

- Chris

5 Feb 2013
Insurance sales pitch.

23. The TCPA was designed to protect consumers, Plaintiff, and the putative Class from these kinds of calls.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action individually and on behalf all others similarly situated pursuant to Federal Rules of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

25. Plaintiff seeks certification for the following class ( "the Class" or "Class"):

> All natural persons residing in the United States who received a telephone call, made by or on behalf of Defendant, within the four years prior to the date of the filing of this Complaint, featuring an artificial voice or pre-recorded message.

26. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

27. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of each Class. Based on information and belief, the Class is comprised of at least thousands of members so as to render joinder of all Class Members impracticable. Class Members can be identified through Defendant's records.

28. **Commonality.** Common questions of law and fact predominate over individual issues. There is a well-defined community of interest in the questions of law and fact involved affecting members of each Class. The questions of law and fact common to the Class

predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

    a. Whether Defendant's actions constitute violations of the TCPA;

    b. Whether Defendant systematically made telephone calls to persons who did not provide Defendant with their prior express consent to receive such telephone calls;

    c. Whether Defendant used an automated telephone dialing system when calling Plaintiff and the putative Class Members' cellular telephones;

    d. Whether Defendant utilized an artificial or pre-recorded voice in making telephone calls to Plaintiff and the putative Class;

    e. Whether Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described herein, Plaintiff and Class Members sustained damages arising from Defendant's wrongful conduct and unsolicited telephone calls. Defendant uniformly violated the TCPA by engaging in the conduct as described herein, and these violations had the same effect on each member of the Class.

30. **Adequacy.** Plaintiff is an adequate representative of the Class because he fits within the Class definition and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff will prosecute this action vigorously for the benefit of the entire Class. Plaintiff is represented by experienced and able attorneys. Class counsel have litigated numerous class actions and complex cases, and Plaintiff's counsel intend to prosecute this action vigorously for the benefit of the entire Class. Plaintiff and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

31. **Predominance and Superiority.** Questions of law and fact common to the Class predominate over questions affecting only individual Members, and a class action is superior to

other available methods for fair and efficient adjudication of the controversy. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to effectively redress the wrongs done to them on an individual basis. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### COUNT I
### Violations of the Telephone Consumer Protection Act, 47 USC § 227(b)

32. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

33. The allegations in this cause of action are brought on behalf of Class Members who received an unsolicited telephone call to their cellular phones from Defendant, or on behalf of Defendant, that included a pre-recorded or artificial voice message.

34. Defendant made unsolicited telephone calls to Plaintiff's and Class Members' telephone numbers without their prior express consent.

35. Defendant utilized artificial or pre-recorded voice messages when making the telephone calls.

36. Defendant also utilized an automatic telephone dialing system to place calls to Plaintiff and the putative Class Members.

37. By making these unsolicited calls, or allowing them to be made on Defendant's behalf, containing artificial or pre-recorded voice message without the Plaintiff's or Class Members' prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(B) and § 227(b)(1)(A)(iii).

38. Accordingly, Plaintiff, on behalf of himself and other Class Members, seeks an injunction under 47 U.S.C. § 227(b)(3)(A) enjoining Defendant's unlawful telemarketing practices.

39. Additionally, Plaintiff, on behalf of himself and other Class Members, under 47 U.S.C. § 227(b)(3)(B), seeks an award of statutory damages of at least $500 for each of Defendant's violations of the TCPA and for the actual damages suffered in the form of monies paid to receive the unsolicited telephone calls.

40. If this Court should find that Defendant's actions were willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), award treble damages recoverable by Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Sanford Hutson, on behalf of himself and others similarly situated, prays for the following relief:

1. Certification of the Classes as defined above, appointment of Dr. Sanford Hutson Class Representative, and appointment of his counsel as class counsel;
2. An award of actual and statutory damages;
3. An injunction to cease all of Defendant's unlawful conduct;
4. An award of reasonable attorneys' fees and costs; and
5. For all other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

DATED: May 28, 2013                                  Respectfully submitted,

*Randall K. Pulliam*
Randall K. Pulliam
Rebecca Kaufman
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Dr., Suite 200
Little Rock, AR 72212
P: 501-312-8500
F: 501-312-8505
rpulliam@cbplaw.com
rkaufman@cbplaw.com